OaRUTSERS, J.,
delivered the opinion of the Court.
This bill is filed as administrator with the will an-. nexed of Rebecca Baggerly, ■ deceased, for the construction of her will, upon the interpleading of the parties, whose interests conflict. The difficulty arises upon the exercise of a power by the widow, given to her, in re *4 lation to the disposition of certain slaves in the will of her husband.
David Baggerly, a citizen of North Carolina, made his will in 1816, and the same was admitted to probate by the County Court of Iredell, in 1819. It contains these two clauses, upon which the difficulty arises.
“ To my beloved wife Rebecca, I give and bequeath all the lands owned by me, lying on the south side of the Yadkin river, in Iredell county, during her lifetime, and also all my household goods and effects of every description, and also my negro- women, Fanny and Rina, and a negro boy named James.”
In a subsequent clause, he says: “It is further my will and desire, that my negroes, Fanny, Rina, and James, be disposed of by my wife Rebecca, with their increase, to the whole, or any one, or more of .my children she may think proper, at her decease.”
In March, 1856, she made her will, and died in JLincoln county, Tennessee, to which she had removed :many years ago. These slaves, or their increase were (disposed of in her will, unequally, among such of her .children as were then living, and to some of the grandchildren. Some were to be sold, and the proceeds to go, partly, to grandchildren.
She had a power of appointment under restrictions; it was to be, to any one or more of her children. Her power was coupled with an interest, as well as a trust.
A power of appointment to children does not embrace grandchildren, and the exercise of it in their favor is without authority, and void. Jarnagin v. Conway, 2 Hump., 50, and authorities there cited. This is not disputable. But the more difficult question here is, *5 whether that avoids the appointments of her will to children, so as to leave the whole property undisposed of by her, or, is it good pro tanto; and if so, how shall the balance go ? This does not fall under the head of illusory appointments. That only applies to a case where one invested with a power to apportion property amongst a class, with full discretion as' to the amount to be given to eaeh, gives to one a merely nominal share. That will be set aside as illusory, as a fraud upon the donor of the power, as he certainly intended by making all the objects of his bounty, or of the power, that each should have a substantial share. 1 Hare & Wallace, L. 0. Eq., 332. But in this case she had full and express power to give all to one, or two, or- more, with an unrestricted discretion. It was not to his children as a class, without distinction, but she might exclude one or more if she chose, entirely. Not so in cases to which illusory appointment applies; though in these cases discriminations may he made, yet nor to the entire exclusion of any one, or a nominal share to one.
In this case the widow’s estate is for life only, by implication with power to control the remainder to a limited extent, and in a certain mode. The limitation was to his children. They, as a class, had a vested joint remainder under the will; but power was given to her to defeat this interest of any one or more, by the exereise of the power given, hut in case she failed to appoint, or made an invalid appointment, then the property would go to all, equally, under his will, at her death.
There is no doubt hut that a person having a power, *6 must execute it in good faith for the end and purposes designed, or it will he void. In the leading case of Aleyn v. Belcher, 1 White and Tudor, 290, this principle is illustrated, and in the notes, the cases are collected. In that case, the power of appointing was given, hut it was exercised in favor of the wife, upon an agreement on her part that she should receive only a part as an annuity, and that the residue should he applied to the payment of the husband’s debts. This was held to be a fraud upon the power, and set aside, except so far as related to the annuity. A Court of Equity will guard the exercise of these powers, so as to prevent any fraud upon the donor of the power. In all cases where a discretion is given in the selection of the objects amongst a class, good faith must be observed, and if discrimina-tions are made to secure advantage to the trustee himself, or a stranger, his act will be held vicious and corrupt. If there be a secret understanding that the appointee shall assign a part of the fund to a stranger, or pay the debts of the appointor, or loan him the fund, the appointment would, thereby, be vitiated and declared void. Notes to the same case, ¿95, citing 8 Iredell’s Eq. R.., 55, 59; 1 Sim. 343, and other authorities ; also, Bostick v. Winton, 1 Sneed, 538. Any exercise of such a power in fraud -of the original intention with which the power was created, would, in equity, render the appointment void.
A question sometimes arises, as to the extent the Courts will go in setting aside fraudulent appointments; whether to the extent of the fraud, or entirely. But that question does not come up in this case, as there is no pretence that any advantage was. received, in this *7 case, by tbe appointor to herself or any one else, to induce the appointment. The objection is, that she undertook by mistake, or misconstruction of her authority, to give a part of the property to grandchildren. There was no fraud contemplated by her, nor can it be so considered. The rules in relation to fraudulent appointments do not, then, apply to the case, but it is, simply, a question of the validity of its exercise, so far as it is in favor of grandchildren.
The result is, that her appointment, so far as it is exercised in favor of her children, is valid, and the appointment to her grandchildren is void.
The slave Tillman, given at valuation in the third clause, to her daughter, Mrs. McKee, is not properly disposed of, as the amount of the value is distributed' in a manner not authorized by her power. The dispositions in clauses 4, 5 and 7, being to children of the donor, are good; so are the bequests of the eighth clause, as that relates to property not embraced in the trust, that being limited to the slaves.
A valid appointment, though in the same deed or will with others not valid, will be maintained. 2 S.ug. on Bow. .87.
The other slaves, not disposed of by tbe widow under the trust, must he distributed, equally, among all the objects of the power, under the will of David Baggerly. We have felt strongly inclined to produce equality, by compelling those to account who have received slaves by the valid exercise of the discretionary power confided to the widow, hut have been unable to find any principles to authorize it. She had the express power to give the-whole to “.any one or more,” and exclude tbe others. *8 She could have given all to one. All. ’would have been equal on failure to exert the power, or in case of an invalid or void exercise of it. The unrestricted power of selection and discrimination entrusted to her, enabled her, legally, to produce any inequality she desired. So far then as she has appointed, that must stand, with its advantages to the objects selected. As to that portion of the property she has left untouched by her power, it must pass under the will of the testator, as a vested remainder, exempt from the contingent power of appointment given to her over it, to all his children, and their representatives, where any are dead. It is not a case for collation of advancements, as in oases of intestacy ^ but the right is derived from the will. All the children then are embraced, without regard to what any may have received under the exercise of the power, that is, from a different source. Sug. on How., 5&8.
Where a discretionary power is not exercised, the whole of the objects wh'o are within it, will take in equal shares. Hill on Trustees, 70-4&2. So it must be, where .it is not exercised as to part, in the disposition of that.
The decree of the Chancellor will be reversed, and decree here in accordance with this opinion.